UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDO SMITH,

    Plaintiff,

vs.

BRANDON BRENNAN, et al,

    Defendants.

Case No.: 1:10-cv-621

Spiegel, J.
Bowman, M.J.

**MEMORANDUM ORDER**

Plaintiff, a prisoner proceeding *pro se*, filed suit under 42 U.S.C. §1983 against multiple defendants, based upon alleged violations of his civil rights. This civil action is now before the Court on Plaintiff's "motion to request documents and submit polygraph testing to main parties involved. " (Doc. 33) and Defendant's memorandum *contra*. Plaintiff's motion asks the Court "to present the opportunity to all parties involved to take a polygraph test." (Doc. 33). Plaintiff's motion also seeks permission to subpoena the following documents: (1) pictures taken by Dave See of Plaintiff's injuries on March 11, 2009; and (2) use of force reports along with staff injury reports. *Id*. Upon careful review, the undersigned finds that Plaintiff's motion (Doc. 33) is not well taken, and is herein **DENIED**.

First, Plaintiff's motion fails to state what specific information or evidence he seeks to obtain from a polygraph test. More importantly, polygraph examinations are generally disfavored due to the "long-held opinion that the results of a polygraph are inherently unreliable." *United States v. Thomas*, 167 F.3d 299, 309 (6th Cir. 1999). *See also United States v. Barger*, 931 F.2d 359, 370 (6th Cir. 1991) (Admission of polygraph evidence is disfavored in this Circuit and it is seldom admitted). Accordingly, Plaintiff's request for a

polygraph test is denied.

Next, Plaintiff's subpoena request appears to be a routine discovery request. As noted by the Court in its previous Order, the Federal Rules of Civil Procedure do not require or contemplate that routine motions seeking discovery will be filed with the court. Rather, civil litigants should use the relevant rules to exchange discovery and to obtain requested discovery directly from opposing counsel without the necessity of any motion. Only when those efforts fail, and a party certifies precisely what efforts he or she made to obtain the requested discovery, may a motion to compel discovery be filed with the court. *See generally*, Rule 37, Fed. R. Civ. P. As noted by Defendant, discovery in this matter closed on September 17, 2011 (*See* docket notation of July 14, 2011) and Defendant has filed a motion for summary judgment. Plaintiff does not explain why this request is untimely, nor does he assert that he needs this information in order to respond to Defendant's motion for summary judgment. As such, Plaintiff's motion is denied in this regard.

Additionally, Plaintiff attached an "affidavit of undisputed facts" to the instant motion. (Doc. 33, Ex. 1). Upon careful review, Plaintiff's affidavit is construed as a response in opposition to Defendant's motion for summary judgment. Defendant may file a reply memorandum, if necessary, no later than **February 8, 2012.**

**IT IS SO ORDERED.**

*Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge